No. 2966.

W. B. WHITEHEAD *v.* THOMAS S. DUGAN.

| 25 409 |
| 121 311 |

This action, as its character appears from the petition, is a suit for a tort or trespass ; and the defendant is sought to be made liable *in solido* as a co-trespasser with another person, with whose trespass, if committed, he is in no manner connected.

If such an action would lie against the defendant, it is certainly barred by the prescription of one year, which is pleaded.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. E. Filleul, Randolph, Singleton & Browne,* for plaintiff and appellee. *Julian Michel, Clarke, Bayne & Renshaw,* for defendant and appellant.

WYLY, J. The plaintiff alleges that he is the owner of a sugar·

plantation in the parish of St. Charles, on the Mississippi river, and adjoining the plantation lately belonging to one Hoyt and now owned by the defendant, Thomas S. Dugan; that within the last twenty-four months the hands and laborers employed on said plantation, now owned by said Dugan, have trespassed on your petitioner's said lands, and cut wood and timber to the value of $3115 90, according to the account annexed to the petition; that a very large portion of said wood, timber, staves, bridge timber, etc., if not the whole, was on the said Dugan plantation at the time Dugan purchased it from Hoyt, as before stated, which the said Dugan well knew at the date of said purchase, and in order to protect himself from the just demands of your petitioner, as set forth above, the said Dugan had inserted in the act of sale by which he acquired said plantation from said Hoyt, a clause whereby he sought to indemnify himself against the said demands of your petitioner; that the said Dugan refused to deliver to your petitioner said wood, staves, bridge timber, etc., and has used for his own benefit a large portion thereof, and retains unlawful possession of the balance; "that by reason of the foregoing and the said acts of the said Dugan he became a co-trespasser with said Hoyt, and is liable *in solido* to your petitioner for the full value of all of said wood, staves, bridge timber," etc.

These are the allegations of the petition, and the prayer is for judgment against Dugan for the sum of $3115 90.

The defendant denied generally the allegations of plaintiff's petition, and specially denied the allegation charging him with being a trespasser upon the plaintiff's lands. He also pleaded the prescription of one year in bar of plaintiff's action.

The court gave judgment against the defendant for $544 50, and he has appealed. We have carefully stated the pleadings, because we have not found that they disclose a cause of action against the defendant.

Where the obligation arises that the plaintiff seeks to enforce we are at a loss to conceive. That Dugan bought a plantation from Hoyt, on which was a quantity of wood, staves, bridge timber, etc., which had previously been cut from the land of the plaintiff did not make Dugan a trespasser. It did not create an obligation against Dugan; because as to the latter there was no offense, quasi-offense, contract, or quasi-contract, nor an obligation arising by operation of law in favor of the plaintiff.

The clause referred to in the contract between Hoyt and Dugan, created no legal obligation in favor of the plaintiff; nor did it create an obligation in favor of Hoyt. The obligation arising from that clause was the obligation of warranty, of which Dugan was the creditor, not the debtor.

It is as follows: "The said Mark Hoyt covenants and warrants to and with said Thomas S. Dugan, that all debts and dues of the labor-ers, employes, furnishers of supplies or materials on or for the use of said plantation, up to the fifteenth of March instant inclusive, have been paid; that the parish taxes for the year 1867 have been paid, and that the said Hoyt shall pay all other taxes, such as State tax, convention tax, etc., as may be due and payable up to said fifteenth March, 1868; and that if any claim be made and recovered by William B. Whitehead, for wood or staves alleged to have been cut by said Hoyt on the land claimed by said Whitehead, he, the said Hoyt, shall be responsible therefor to said Dugan, and indemnify the latter for all damages he may suffer in consequence of said claim."

As security for this obligation of warranty, Hoyt deposited with Dugan two thousand dollars and took the following receipt: "Received, New Orleans, March 24, 1868, from Mark Hoyt, Esq., two thousand dollars, which I shall return to him as soon as he has satisfied me as to the payment of the taxes due on the Killona planta ion, and as to the claim of William B. Whitehead, as stated in the act passed between Hoyt and myself, before P. C. Cuvellier, notary, under date of this day."

Neither the clause in the act referred to, nor the receipt just quoted, created an obligation in favor of the plaintiff; nor do they in the least advance his pretensions against the defendant. They in no manner authorize the defendant to settle the unliquidated claim for damages which the plaintiff had against Hoyt.

Suppose the defendant were to give the two thousand dollars which he received from Hoyt to the plaintiff in settlement of the claim of the latter against the former, and Hoyt were now suing him for the money, would the defendant, the depositary, be heard in defense to say that he used it in settling the claim for damages which Whitehead had against Hoyt, when that claim, not having been sued on, is barred by prescription? And besides it was a claim which Dugan was in no manner bound to pay.

The action, as its character appears from the petition, is a suit for a tort or trespass; and the defendant is sought to be held liable *in solido* as a co-trespasser. If such an action would lie against the defendant, it is certainly barred by the prescription of one year, which is pleaded.

The industry in cutting the trees and making the staves and bridge timbers greatly exceeds the value of the trees before they were cut; and the party bestowing this industry would have the right to keep them on paying the value of the trees. Revised Code, 526.

So, therefore, if no damages had been claimed, and the staves and bridge timbers were seized in the possession of Hoyt, he would have the right to keep them on the condition of paying the owner of the trees

their value at the time they were cut. But such a case is not before the court.

The defendant is simply sought to be held liable for a tort committed' by Hoyt, and with which he is in no manner connected.

It is therefore ordered that the judgment herein be annulled, and it is further ordered that there be judgment for the defendant, plaintiff paying costs of both courts.

Rehearing refused.